UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MORGAN RATLEY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 21-2120** |
| **CANTRELL DAVIS, ET AL.** | **SECTION: "E"(5)** |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(5), F.R.C.P. 12(b)(6), and in the Alternative, Motion for More Definite Statement Pursuant to F.R.C.P. 12(e) filed by Defendant Charles Caillouet ("Defendant"). (Rec. Doc. 11). Plaintiff has filed no opposition to the motion in accordance with the local rules of this Court. Having reviewed the pleading and the case law, the Court rules as follows.

I.  **Factual Background**

Plaintiff sues Defendant under 42 U.S.C. § 1983 for violating his right against self-incrimination.[1] Plaintiff is a prisoner at the Lafourche Parish Corrections Center ("LPCC"). Defendant was a contract employee of the Law Office of the Public Defender for the 17th Judicial District Court in Lafourche Parish ("LPD") at the time of the alleged underlying incident. Plaintiff alleges that on November 16, 2020, while in the custody of the LPCC, he participated in a video conference with Defendant. Plaintiff recognized Defendant as "the person who spoke to the plaintiff after the plaintiff was arrested and informed the plaintiff that an attorney would be appointed to represent the plaintiff." (Rec. doc. 3 at ¶¶ 10-12).

---

[1] Plaintiff sues other Defendants based on other various causes of action that need not be addressed with regard to this motion.

Plaintiff contends that, during the video conference, Defendant asked Plaintiff questions regarding his alleged crimes and criminal charges. (*Id.*). Plaintiff states that he refused to answer Defendant's questions, and he abruptly exited the video conferencing area.

Plaintiff understands that Defendant works for the LPD. However, he takes issue with Defendant asking him questions regarding the facts underlying his alleged criminal charges. (*Id.*). Plaintiff alleges that Defendant's questions violated his right against self-incrimination under the Fifth Amendment. (*Id.* at ¶ D). Plaintiff seeks $5,000.00 from Defendant. (*Id.* at ¶ F(1)).

## II. Standard for a Motion to Dismiss

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The Court must thus identify pleadings that are conclusory and are not entitled to the assumption of truth and legal conclusions must be supported by the factual allegations that are pled. *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id.* While a complaint need not contain detailed factual allegations, it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me" accusation. *Id.*; *Bartholomew v. Ladreyt*, Civ. A. No. 14-1468, 2015 WL 365525, at *1 (E.D. La. Jan. 27, 2015). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of its claim that would entitle

him to relief. *Ekberg v. Pennington*, Civ. A. No. 02-845, 2002 WL 1611641, at *1 (E.D. La. July 19, 2002) (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995). Moreover, a prisoner's *in forma pauperis* complaint that fails to state a claim may be dismissed *sua sponte* at any time. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

**III.     Law and Analysis**

Defendant argues that Plaintiff's claims should be dismissed, *inter alia*, pursuant to Rule 12(b)(6) because the allegations fail to establish a cognizable Section 1983 claim of a violation of Plaintiff's constitutional rights, even under the broadest reading. It is true that the only claim against Defendant is that he allegedly violated Plaintiff's Fifth Amendment right against self-incrimination by asking him questions related to Plaintiff's underlying criminal charges. (Rec. doc. 3 at ¶ D).

Plaintiff sues Defendant, a former contract employee of the LPD, under Section 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Brady v. Ogg*, No. CV H-19-1850, 2019 WL 3082970, at *2 (S.D. Tex. July 15, 2019) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Accordingly, Section 1983 claims must be brought against a state actor. *Id.*

At the time of the underlying incident, Defendant was engaged as a contract attorney with the LPD. (Rec. doc. 11-1). While Defendant fails to mention the defense, it is well-settled law that federal public defenders – even contracted federal public defenders – are not "state actors" for purposes of Section 1983. *Amir-Sharif v. Dallas Cty. Pub. Defs. Off.*, 233 F. App'x 364, 365 (5th Cir. 2007) ("Amir-Sharif reiterates his claims concerning the quality of legal

3

assistance being provided to him by appointed counsel and the public defender. His claims against the attorney defendants are unavailing because they are not state actors for § 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324–25, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981); *see also Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)."); *Gausvik v. Perez*, 239 F. Supp. 2d 1047, 1066 (E.D. Wash. 2002) (finding that contract public defender not a state actor for purposes of Section 1983). Indeed, one reason that the Supreme Court has held that public defenders are not state actors is because their duties are adversarial to the prosecution and the police. *See Polk*, 454 U.S. at 320. Accordingly, no claim under Section 1983 lies against Defendant as he is not a state actor.

In addition, the Self-Incrimination Clause of the Fifth Amendment provides that "[n]o person shall be compelled in any criminal case to be a witness against himself." U.S. CONST., AM. V. Plaintiff's allegation, even if taken as true, fails to state a claim for a violation of the Fifth Amendment right against self-incrimination because such a claim only arises if the claimant is actually compelled to be witness against himself in a criminal case. *See, e.g., Chavez v. Martinez*, 538 U.S. 760, 770 (2003) ("Although our cases have permitted the Fifth Amendment's self-incrimination privilege to be asserted in noncriminal cases, . . . that does not alter our conclusion that a violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case.") (citations omitted)).

Here, there is no allegation that Plaintiff ever made an incriminating statement to Defendant – indeed, he stormed out of the room without answering any question – or that he was compelled to testify against himself in a criminal proceeding. Accordingly, no

incriminating statement has been used against Plaintiff in a criminal proceeding, and he has thus failed to state a claim for a violation of the Self–Incrimination Clause of the Fifth Amendment as a matter of law.[2]

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(5), F.R.C.P. 12(b)(6), and in the Alternative, Motion for More Definite Statement Pursuant to F.R.C.P. 12(e) filed by Defendant Charles Caillouet be **GRANTED**.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[3]

---

[2] Given that this Court rules on the motion to dismiss under Rule 12(b)(6), this Court finds no need to rule under Rule 12(b)(5) or 12(e). Indeed, a ruling under Rule12(b)(5) would be an exercise in frivolity given that Defendant knows of the lawsuit against him (as evidenced by the filing of the motion), and the Court would only give Plaintiff an opportunity to correct any deficiency in service, thereby necessitating the filing of another motion to dismiss similar to the one now before it.

Moreover, even were the Court to allow Plaintiff the opportunity to file a more definite statement under Rule 12(e), nothing changes this Court's conclusion that Defendant is not a state actor for purposes of Section 1983.

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this __13th__ day of _____April_____, 2022.

_____
**MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE**

6