**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MORGAN RATLEY,** **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  21-2120** |
| **CORTRELL DAVIS, ET AL.,** **Defendants** | **SECTION: "E" (5)** |

## ORDER AND REASONS

On November 16, 2022, Plaintiff, who is incarcerated and proceeding *pro se* as a pauper,[1] filed a Motion for the Appointment of Counsel.[2] In that Motion, Plaintiff represented to the Court that he is unable to afford counsel, he has limited access to a law library because he is "a segregation inmate," he has unsuccessfully sought counsel, and he has a high school education with limited familiarity with the law.[3] Defendants filed no opposition.

On February 13, 2023, Magistrate Judge North denied Plaintiff's Motion for the Appointment of counsel because "[t]his case is not complex. Indeed, it is a run-of-the-mill 42 U.S.C. § 1983 lawsuit, and Plaintiff has adequate means to investigate his case."[4]

On March 8, 2023, Plaintiff informed the Court he continues to request appointed counsel in this matter. As a result, the Court construed Plaintiff's letter to the Court dated February 22, 2023,[5] in which Plaintiff "preserves" his objection to the Magistrate Judge's

---

[1] R. Doc. 5.
[2] R. Doc. 29.
[3] *Id.*
[4] R. Doc. 32.
[5] R. Doc. 34.

Order[6] denying Plaintiff's Motion to Appoint Counsel,[7] as an appeal of that Order.

Defendants represented to the Court they continue take no position as to whether Plaintiff

should be appointed counsel. The Court took the appeal under advisement, and now rules

as follows.

The Court finds Plaintiff's Motion for the Appointment of Counsel should be

granted. Federal courts have broad discretion to appoint counsel if doing so would

advance the proper administration of justice.[8] Although "[n]o comprehensive definition

of exceptional circumstances is practical,"[9] several factors must be considered in ruling

on requests for the appointment of counsel, including: (1) the type and complexity of the

case; (2) whether the requesting individual is capable of adequately presenting his case;

(3) whether the requesting individual is in a position to investigate adequately the case;

and (4) whether the evidence will consist in large part of conflicting testimony so as to

require skill in the presentation of evidence and in cross examination.[10] Courts also must

consider whether the appointment of counsel would be a service to the court, "by

sharpening the issues in the case, shaping the examination of witnesses, and thus

shortening the trial and assisting in a just determination."[11]

Having carefully considered these factors, the Court finds a majority of the factors

point in favor of appointing counsel to represent Plaintiff in these proceedings.

First, Plaintiff brings claims that sound in excessive force and deliberate

indifference. Such claims are usually strenuously denied by law enforcement defendants,

---

[6] R. Doc. 32.
[7] R. Doc. 29.
[8] *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).
[9] *Id.* (internal quotations omitted).
[10] *Id.*
[11] *Id.*

and the Court fully anticipates the Defendants in this case will mount a vigorous defense challenging the legal viability of Plaintiff's claims, his version of the underlying events, and his veracity.

Second, in light of the nature of the claims, discovery is necessary. Given the delicate nature of such discovery, the Court anticipates the Defendants will fiercely oppose such discovery, which, obviously, would be difficult for a lay person presently incarcerated to adequately combat. Indeed, Plaintiff has just today filed a motion to compel discovery.[12]

Third, a two-day jury trial is set for August 7, 2023.[13] Of all the challenges encountered by lay persons proceeding without counsel, perhaps the greatest of those are selecting a jury, presenting evidence at trial within the bounds of the highly technical Federal Rules of Civil Procedure and Federal Rules of Evidence, posing appropriate trial objections, and conducting proper cross-examination. A trial with the assistance of counsel will obviously benefit the Court, all counsel, all parties, and the members of the community who are honoring their civic obligation to serve as jurors. Moreover, it must be noted that Defendants in this case are represented by highly reputable counsel whose success as advocates in this Court is a matter of lengthy record. Therefore, to level the field and ensure that Plaintiff's right to access the courts is truly meaningful in this matter, the assistance of counsel at a jury trial is particularly appropriate.

Finally, even prior to trial, the appointment of counsel for Plaintiff will possibly help weed out any nonviable claims, thereby narrowing the issues to be considered at trial.

Accordingly;

---

[12] R. Doc. 36.
[13] R. Doc. 24.

**IT IS ORDERED** that Judge North's Order[14] Denying Plaintiff's Motion for the Appointment of Counsel is **REVERSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Appointment of Counsel[15] is **GRANTED**.

**IT IS FURTHER ORDERED** that, in light of the Court's determination that an attorney should be appointed to represent Plaintiff in this matter, the FBA-NO Civil Pro Bono Counsel Panel Program Coordinator shall select an attorney for the appointment and provide that attorney's name and contact information to this Court. Once that information has been received, this Court will issue an order directing the Clerk of Court to designate that attorney on the docket sheet as counsel of record for Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this Order and Reasons to the FBA-NO Civil Pro Bono Counsel Panel Program Coordinator.

**New Orleans, Louisiana, this 30th day of March, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 32.
[15] R. Doc. 19.